UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ALAN CASSINI, | ) | 1:07-CV-00479 LJO NEW (DLB) HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| JEFF WRIGLEY, | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**DISCUSSION**

On April 3, 2007, Petitioner filed the instant petition for writ of habeas corpus. Petitioner is incarcerated at Taft Correctional Institution, which is a prison housing federal inmates and operated by the private corporation GEO Group, Inc. Petitioner contends he was denied his due process rights in a disciplinary hearing held on August 10, 2006, wherein Petitioner was found guilty of lying or providing a false statement to a staff member. Petitioner claims he was denied his equal protection rights because he was not allowed to appeal the decision to higher levels, where such appeal process is provided to federal inmates housed at federal prisons operated by the Bureau of Prisons. Petitioner also claims the evidence was insufficient to support the decision. As a result of the guilty

finding, he was assessed a ninety (90) day loss of telephone privileges and ultimately was transferred to the low security facility which is a higher security facility than where Petitioner was previously housed.

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999). In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

In this case, Petitioner claims he was deprived of his telephone privileges and was transferred to a higher security facility. Neither penalty impacts the duration of his confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall
2  be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
3  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
4  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive
5  the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7       IT IS SO ORDERED.
8       Dated:   **April 19, 2007**            **/s/ Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE